In re Clarence Delbert HUNTER a/k/a Delbert Hunter d/b/a Town Garage a/d/b/a Twin River Construction, Debtor.

BANK OF WASHINGTON, A Missouri Banking Corporation, Plaintiff,

v.

Delbert HUNTER, Defendant.

Bankruptcy No. 90–00463–BKC–JJB.

Adv. No. 90–0136–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 19, 1990.

Wendi S. Alper, St. Louis, Mo., for plaintiff.

David J. Barton, Arnold, Mo., for defendant.

Leslie A. Davis, Clayton, Mo., trustee.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is an adversary proceeding initiated by the Bank of Washington, Plaintiff, against Delbert Hunter, Debtor. A trial was held on October 10, 1990, wherein both parties presented testimony and evidence. At the outset of the trial, Count I of the Adversary Complaint was dismissed upon the Plaintiff's request, and the matter proceeded upon the allegations in Count II only.

Count II asserts that the debt owed to Plaintiff by the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). Plaintiff alleges that the Debtor submitted a materially false financial statement in support of a request to obtain credit, and that the Plaintiff relied upon the written false statement and thereafter extended the credit. Plaintiff requests that the debt created pursuant to the allegedly false statement in the amount of $216,903.41 be determined to be not dischargeable in this case.

Some of the facts pertinent to this Complaint are in dispute. The Court's determinations here are based upon a consideration of the record as a whole.

On February 28, 1990, the Debtor approached the Plaintiff's representatives seeking a loan to finance the purchase of a certain parcel of property. On that day he met with the Plaintiff's loan committee and discussed the terms and purpose of the loan.

The Plaintiff requested a personal financial statement from the Debtor and his spouse, and financial statements for any company whose name might be placed on the deed as owner of the property. On the same day or shortly thereafter, the Debtor submitted a fourteen page handwritten document which listed the Debtor's assets, the assets of certain companies and corporations controlled by the Debtor, certain liabilities, and the Debtor's opinion of the value of the assets. The Debtor testified at this hearing that the values listed on this statement reflected his opinion of the cost of replacement, or his opinion of the value to a going company. He also stated that in fact he had prepared this statement about 30 days prior to the meeting with the Plaintiff's representatives; and that he had delivered the documents to the seller and not to the Plaintiff. The Plaintiff's witness testified that the Debtor had personally delivered the documents to its representatives at its business location.

The Plaintiff issued a loan commitment letter on March 2, 1984. The terms of the commitment included the requirement of a first deed of trust on a certain parcel of property, referred to an interest rate of 14.5 percent and required that the note mature in three years with payments amortized over ten years.

The Debtor and his non-debtor spouse executed a note in the amount of $250,000.00 in their personal capacities and as President and Secretary of Twin Rivers Realty, described as a separate corporation controlled by the Debtor. The borrowers subsequently fell behind in the payments under this note. The bank foreclosed on the real property, brought suit against the Debtor and. obtained a judgment in the amount of $211,903.45 on December 11, 1989.

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 2, 1990. The Plaintiff filed this adversary proceeding on May 7, 1990.

■ Section 523(a)(2)(B) provides that an individual may not be discharged from any debt to the extent that it was obtained by "the use of a statement in writing—1) that is materially false; 2) respecting the debtor's or an insider's financial condition; 3) on which the creditor to whom the debtor is liable for such money ... reasonably relied; and 4) that the debtor caused to be made or published with intent to deceive." A creditor prosecuting a complaint to determine dischargeability bears the burden of proof at trial. *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987). The creditor must prove all the elements in the statute by clear and convincing evidence. *In re Rechichi*, 105 B.R. 726 (Bankr.S.D.Fla. 1989).

■ The Plaintiff has argued that the Debtor intentionally inflated the value of his assets in the financial statement and intentionally failed to list a lien which if listed, would have dramatically reduced the Debtor's claim of equity.

This Court finds that the Plaintiff has not established that any item in the written statement prepared by the Debtor was false or misleading or that the statement made was made with the intent to deceive the Plaintiff. The Debtor testified that the assets listed were in his control at the time the statement was made. The Plaintiff has not established otherwise. The evidence at this trial has shown that several months after the loan was obtained, the Debtor sold or otherwise disposed of some of the property listed in the financial statement. The Plaintiff has not proven that the these sales or transfers were illegal or improper. The Debtor's explanation of the difference between the values listed on his financial statement, and the purchase price of these assets several months later is accepted by the Court.

Although the evidence at trial indicated that on a date after this loan was made, certain of the Debtor's assets were subjected to a lien in favor of a separate entity, the Plaintiff has not proven that the lien existed when the Debtor prepared and submitted this financial statement.

The statement, which was entirely handwritten by the Debtor, on plain paper rather than on a prepared form, had two columns entitled *Assets* and *Liabilities*. Nowhere did the statement indicate that the assets listed were unencumbered. The Debtor testified that he had not prepared this document for the purpose of obtaining this particular loan; and the record does not indicate that he was given any specific instructions as to the manner in which the statement was to be prepared. There is an absence in the written statement of an explicit representation with respect to the existence or non-existence of liens. From the circumstances presented in this case, no such representation will be inferred.

■ While independent investigations of financial conditions is not required, affirmative assumptions without provocation or expectations through a general course of dealing will not be allowed as a basis to render debts non-dischargeable. *In re Kroh*, 87 B.R. 1004, 1009 (Bankr.W.D.Mo. 1988).

Even if it had been established in this proceeding that the statement published by the Debtor was misleading under the circumstances, the Plaintiff has not proven its case with respect to the Debtor's state of mind. Where the circumstances infer an intent to .deceive, the question becomes whether the Debtor's actions appear so inconsistent with any self-serving reply statement of intent that the Court is led to

# 120

disbelieve the Debtor. *Matter of Van Horne*, 823 F.2d 1285, 1288 (8th Cir.1987).

The Debtor testified that the statement was prepared for another bank with regards to collateralization of other loans. He stated that he had not submitted this statement to this Plaintiff, but that he had given it to the prospective seller who, he assumes, submitted it to the Plaintiff. The Debtor did not submit a loan application to this Plaintiff. He stated that the prospective seller had handled all the transactions with the Plaintiff.

This testimony is not inconsistent with the evidence presented at this trial. The Plaintiff has failed to prove that the Debtor prepared or published a written financial statement with the intent to deceive the Plaintiff in order to obtain this loan.

Therefore, by separate order, the Plaintiff's request to determine that this debt is not dischargeable is denied.